### No. 502

### LEONARD Rec. v. MOWBRAY

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2740. Decided Feb. 8, 1926

1139. **SURETY BONDS—Words** added which do not change effect of, may be stricken out without avoiding bond.

1105. **STATUTE OF FRAUDS—Although** contracts, by virtue of 8621 GC., must be in writing, authorization to make such contract may be verbal.

HAMILTON, J.

This controversy arose out of striking out certain words in a surety bond given by F. W. Mowbray to the Chicago Bonding and Ins. Co.

It appears from the evidence that this bond was given by Mowbray to Indemnify the Co., against possible loss on a surety bond which they wrote for a person named Trippeer.

Upon receipt of the bond by the company, Sabath, the Vice Pres. notified Trippeer that the bond would not be issued with the added words, whereupon Trippeer phoned Mowbray from the office of Sabath and he authorized Sabath to draw a line through the words objected to.

Hamilton Common Pleas directed verdict in favor of Mowbray, holding that as a matter of law the words stricken out were material, and that the identity of Mowbray had not been shown by proper evidence.

Mowbray also raised the contention that the authorization was not admissible under the statute of frauds.

Error was prosecuted to the Court of Appeals, which held:

1. In view of the fact that the words stricken out did not change the import of the bond they were not such material words as would avoid the bond by striking them out.

2. Sufficient evidence was introduced to show the telephone conversation between Sabath and Mowbray, and the court should have submitted to the jury, the determination of whether or not it was Mowbray who actually was at the phone.

3. Although a contract must by virtue of 8621 GC. be in writing, authorization to make

such contract or make changes in same may be given by parol.

Judgment of Com. Pleas reversed.

Attorneys—Dinsmore, Shohl & Sawyer for Wm. J. Leonard, Rec.; Hunt, Bennett & Utter for Mowbray; all of Cincinnati.